```
              IN THE UNITED STATES DISTRICT COURT
              FOR THE SOUTHERN DISTRICT OF TEXAS
                        HOUSTON DIVISION


LINDA GRANDERSON OMORUYI          §
and KENNETH OMORUYI,              §
                                  §
              Plaintiffs,         §
                                  §
v.                                §    CIVIL ACTION NO. H-08-0106
                                  §
MICHAEL CHERTOFF, Secretary       §
of the Department of Homeland     §
Security, et al.,                 §
                                  §
              Defendants.         §
```

## MEMORANDUM OPINION AND ORDER

Plaintiffs Linda Granderson Omoruyi (Granderson) and her husband, Kenneth Omoruyi (Omoruyi), filed this action on January 8, 2008, seeking a writ of mandamus against defendants, Michael Chertoff, Secretary of the Department of Homeland Security (DHS), Michael B. MuKasey, Director of the United States Citizenship and Immigration Services (USCIS), Sharon A. Hudson, District Director of the USCIS Houston District Office, Alberto R. Gonzales, Attorney General of the United States, Kevin A. Ohlson, Director of the Executive Office for Immigration Review (EOIR), and the USCIS. Pending before the court is Defendants' Motion to Dismiss and/or, Alternatively, Motion for Summary Judgment (Docket Entry No. 12), and the Plaintiffs' Opposition to Defendants' Motion to Dismiss and/or Alternatively, Motion for Summary Judgment and Motion to Amend Complaint (Docket Entry No. 15). For the reasons explained

below, the defendants' motion to dismiss will be converted to a motion for summary judgment and denied without prejudice, plaintiffs' motion to amend will be taken under advisement, and the defendants will be ordered to submit a case status report within the next one-hundred-twenty (120) days either announcing that Granderson's I-130 petition has been adjudicated or showing cause why additional time is needed for it to be adjudicated.

## I. Alleged Facts

In the Complaint for Writ of Mandamus (Docket Entry No. 1) plaintiffs alleged that Linda Granderson Omoruyi is a United States citizen, that on August 15, 2003, Linda Granderson Omoruyi filed with the USCIS an I-130 Petition for Alien Relative to classify her husband, Kenneth Omoruyi, as an immediate relative of a United States citizen pursuant to 8 U.S.C. § 1151(b)(2)(A)(i). After plaintiffs had made several attempts to schedule an I-130 interview, USCIS informed them that it could not find their I-130 petition; so on June 16, 2006, Linda Granderson Omoruyi submitted to USCIS a reconstructed I-130 petition, which was denied on August 25, 2006. On September 19, 2006, Linda Granderson Omoruyi filed an EOIR-29 Notice of Appeal from a Decision of an INS Officer to the Board of Immigration Appeals (BIA). Plaintiffs alleged that despite numerous requests to forward the EOIR-29 Notice of Appeal to the BIA, USCIS-Houston failed to perform its duty to forward the EOIR-29 Notice of Appeal to the BIA.

## II.  **Defendants' Motion to Dismiss or Motion for Summary Judgment**

Asserting that on January 24, 2008, the USCIS forwarded the EOIR-29 Notice of Appeal of the denied I-130 petition together with the entire record to the BIA, and that on March 19, 2008, the BIA adjudicated the appeal by remanding the case to the district director of the DHS, defendants argue that this action should be dismissed as moot because plaintiffs' Complaint for Writ of Mandamus no longer states a claim for which relief may be granted. Plaintiffs oppose defendants' motion to dismiss and/or motion for summary judgment "because [d]efendants have mishandled this case from the beginning."[1] Plaintiffs argue that "[i]f [d]efendants' motion is granted, defendants will continue to keep [p]laintiffs languishing in a bureaucratic nightmare by failing to issue a new decision based on the BIA's decision, especially given the past mishandling of this matter."[2] Therefore, plaintiffs oppose the defendants' motion to dismiss and seek leave to amend their complaint "to require [d]efendants to issue a new decision based on the BIA's decision within a reasonable time, 120 days."[3]

---

[1] Plaintiffs' Opposition to Defendants' Motion to Dismiss and/or Alternatively, Motion for Summary Judgment and Motion to Amend Complaint (Plaintiffs' Opposition), Docket Entry No. 15, p. 3.

[2] Id.

[3] Id.

**A.     Standard of Review**

Although defendants have not identified the procedural basis on which they seek dismissal, their assertion that plaintiffs' complaint fails to state a claim for which relief may be granted because their claims are now moot indicates that they seek dismissal for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6).  A Rule 12(b)(6) motion to dismiss tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim."  Ramming v. United States, 281 F.3d 158, 161 (5th Cir. 2001), cert. denied sub nom Cloud v. United States, 122 S.Ct. 2665 (2002).  The court must accept the factual allegations of the complaint as true, view them in a light most favorable to the plaintiffs, and draw all reasonable inferences in the plaintiffs' favor.  Id.  "Also, the court may not look beyond the pleadings in ruling on the motion."  Id.  See also Spivey v. Robertson, 197 F.3d 772, 774 (5th Cir. 1999), cert. denied, 120 S.Ct. 2659 (2000).  If, however, on a motion to dismiss for failure

> to state a claim upon which relief can be granted, matters outside the pleadings are presented to and not excluded by the court, the motion shall be treated as one for summary judgment and disposed of as provided in Rule 56, and all parties shall be given reasonable opportunity to present all material made pertinent to such a motion by Rule 56.

Fed. R. Civ. P. 12.  See Morin v. Caire, 77 F.3d 116, 118 (5th Cir. 1996).  A party is on notice of the possibility that a court may

convert a Rule 12(b)(6) motion into a motion for summary judgment ten days after a party submits evidence outside of the pleadings, and that evidence is not excluded by the court. See Washington v. Allstate Ins. Co., 901 F.2d 1281, 1284 (5th Cir. 1990).  In Washington the Fifth Circuit explained that

> [u]nder Rule 56, it is not necessary that the district court give ten days' notice after it decides to treat a Rule 12(b)(6) motion as one for summary judgment, but rather after the parties receive notice that the court could properly treat such a motion as one for summary judgment because it has accepted for consideration on the motion matters outside the pleadings, the parties must have at least ten days before judgment is rendered in which to submit additional evidence.

901 F.2d at 1284 (quoting Clark v. Tarrant County, Texas, 798 F.2d 736, 746 (5th Cir. 1986)). See also Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2554 (1986) (district courts possess the power to enter summary judgment sua sponte as long as the losing party was on notice that he had to come forward with all of his evidence).

Defendants filed their motion to dismiss or, in the alternative, motion for summary judgment on April 11, 2008. Referenced in defendant's motion are three exhibits that evidence matters outside of the pleadings.[4]  On April 21, 2008, plaintiffs

---

[4]Although defendants' motion asserts that the referenced exhibits are attached thereto, the exhibits were not attached to the motion when filed and have not yet been filed.  The three exhibits referenced are:  Exhibit 1, which was to have included multiple documents including, inter alia, a visa petition filed on behalf of Omoruyi on August 20, 1997, by United States citizen, Ms. Dearest Johnson, a visa petition filed on behalf of Omoruyi by Ganderson on May 16, 2003, evidence that 2003 visa petition was
(continued...)

filed their Opposition to Defendants' Motion to Dismiss and/or Alternatively, Motion for Summary Judgment and Motion to Amend Complaint (Docket Entry No. 15) to which they attached three exhibits that include records of inquiries about the status of the visa petition at issue in this case sent to the DHS, and a copy of the opinion issued by the BIA on March 19, 2008.  Because both parties have submitted or -- in the defendants' case -- stated their intent to rely on materials outside of the pleadings, Rule 12(b) directs the court to treat the defendants' pending motion as one for summary judgment and to dispose of it under Rule 56.  See Fed. R. Civ. P. 12(b).  See also Washington, 901 F.2d at 1283-1284.

Summary judgment is authorized if the movant establishes that there is no genuine dispute about any material fact and the law entitles it to judgment.  Fed. R. Civ. P. 56(c).  See also Celotex Corp. v. Catrett, 106 S.Ct. 2548, 2552 (1986).  An issue of material fact is genuine if a reasonable jury could return a

---

⁴(...continued)
denied on April 15, 2005, notice of appeal from the denial of the 2003 visa petition filed on or about May 10, 2005, another visa petition filed by Granderson on August 15, 2005, and notice of intent to deny the 2005 visa petition issued on May 19, 2006; Exhibit 2, which was to have included evidence that on January 24, 2008, the USCIS forwarded the appeal of the denied 2005 visa petition to the BIA; and Exhibit 3, which was to have included evidence that on March 19, 2008, the BIA adjudicated the appeal of the 2005 visa petition by remanding the case to the district director of the DHS to determine if Omoruyi's file records contain substantial and probative evidence of marriage fraud with regard to the visa petition that Dearest Johnson filed on his behalf in 1997.

verdict for the nonmovant. Anderson Liberty Lobby, 106 S.Ct. 2505, 2510 (1986). In reviewing the evidence the court must draw all reasonable inferences in favor of the nonmoving party and avoid credibility determinations and weighing of the evidence. Reeves v. Sanderson Plumbing Products, Inc., 120 S.Ct. 2097, 2110 (2000).

**B.   Applicable Law**

The mandamus statute provides that "district courts shall have original jurisdiction of any action in the nature of mandamus to compel an officer or employee of the United States or any agency thereof to perform a duty owed to the plaintiff." 28 U.S.C. § 1361. Jurisdiction depends on "whether mandamus would be an appropriate means of relief." Jones v. Alexander, 609 F.2d 778, 781 (5th Cir.), cert. denied, 101 S.Ct. 100 (1980). Mandamus relief is "extraordinary," requiring plaintiffs to establish that (1) they have a clear right to the relief sought; (2) the defendant holds a plainly defined and mandatory, nondiscretionary duty to do the act in question; and (3) no other adequate remedy is available. See Allied Chemical Corp. v. Daiflon, Inc., 101 S.Ct. 188, 190-91 (1980); Giddings v. Chandler, 979 F.2d 1104, 1108 (5th Cir. 1992); Yang v. Chertoff, 2008 WL 151063, *2 (S.D. Tex. January 11, 2008).

An alien's valid marriage to a United States citizen allows the alien's citizen spouse to file a petition to have the alien classified as the citizen's "immediate relative" under 8 U.S.C.A. § 1151(b), and such classification exempts the alien from the

numerical immigration quotas imposed by § 1151(a) on the issuance of immigrant visas.[5]  A citizen spouse such as Granderson is authorized by 8 U.S.C. § 1154 to file an I-130 petition seeking immediate relative status for an alien spouse.  In pertinent part § 1154 provides that

> [a]fter an investigation of the facts in each case. . . the Attorney General shall, if he determines that the facts stated in the petition are true and the alien on behalf of whom the petition is made is an immediate relative . . . approve the petition.

8 U.S.C. § 1154(b).  The Fifth Circuit has recently held that adjudication of an I-130 petition is not discretionary.  See Ayanbadejo v. Chertoff, 517 F.3d 273, 278 (5th Cir. 2008) ("[d]eterminations regarding the validity of marriage for I-130 petition purposes are not discretionary within the meaning of 8 U.S.C. § 1252(a)(2)(B), and thus are subject to review by courts").  Although there is no statutory or regulatory deadline by which an I-130 petition must be adjudicated, at some point failure to take action on such a petition runs afoul of the Administrative Procedure Act's (APA) requirement that agencies perform nondiscretionary functions within a reasonable time.  See Kim v. Ashcroft, 340 F. Supp.2d 384, 389 (S.D.N.Y. 2004) (citing 5 U.S.C. § 555(b) and Bartolini v. Ashcroft, 226 F. Supp.2d 350, 353-354 n.3

---

[5]As noted in Menezes v. Immigration & Naturalization Service, 601 F.2d 1028 (9th Cir. 1979), receipt of "immediate relative" status does not authorize the automatic admission of the alien, who pursuant to 8 U.S.C. § 1181 must have a valid, unexpired immigrant visa to be admitted into the United States.

(D. Conn. 2002)).[6]  The APA authorizes suit by "[a] person suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute[.]"  5 U.S.C. § 702.  The APA expressly defines "agency action" to include the "failure to act."  5 U.S.C. § 551(13).  The APA does not apply to the extent that "statutes preclude judicial review" or that "agency action is committed to agency discretion by law."  5 U.S.C. § 701(a)(1)-(2).  When confronted with allegations that an agency has failed to act within a reasonable time, courts "look to the source of the delay-*e.g.,* the complexity of the investigation as well as the extent to which the defendant participated in delaying the proceeding."  Zheng v. Reno, 166 F. Supp.2d 875, 880 (S.D.N.Y. 2001) (citing Reddy v. Commodity Futures Trading Commission, 191 F.3d 109, 120 (2d Cir. 1999)).

**C.  Analysis**

Without disputing either the chronology of events recounted in the plaintiffs' complaint, or plaintiffs' claim that the delay in adjudicating Granderson's I-130 petition has been willful and unreasonable, defendants argue that this case should be dismissed as moot because after plaintiffs filed their complaint,

---

[6]In pertinent part 5 U.S.C. § 555(b) provides that "[w]ith due regard for the convenience and necessity of the parties or their representatives and within a reasonable time, each agency shall proceed to conclude a matter presented to it."

Granderson's appeal was forwarded to the BIA, and on March 19, 2008, the BIA adjudicated that appeal by remanding the case to the district director of the DHS. In its written opinion the BIA explained that

> [i]n denying the visa petition, the district director determined that the beneficiary was subject to the bar imposed by section 204(c) of the Act, 8 U.S.C. § 1154(c), because his previous marriage to another United States citizen, Dearest Johnson, was fraudulent under the immigration laws. We note that our decision in <u>Matter of Tawfik</u>, 20 I&N Dec. 166 (BIA 1990), states that the evidence of a fraudulent marriage "must be documented in the alien's file and must be substantial and probative." <u>Id.</u> at 167.
>
> We find that the record does not independently contain substantial and probative evidence of marriage fraud, with regard to the earlier visa petition filed by Ms. Johnson on August 20, 1997. The visa petition now at issue was filed on August 15, 2005. The present petitioner, Linda Loyce Granderson-Omoruyi, also filed a previous visa petition for the beneficiary on May 16, 2003. In the August 25, 2006, decision and the May 19, 2006, notice of intention to deny the 2005 visa petition, the DHS's district director refers to a sworn statement given by the beneficiary on December 22, 2004, at the time of his interview for the 2003 visa petition, attesting that he married Ms. Johnson solely for immigration purposes. However, the record does not contain any copy of the beneficiary's December 22, 2004, sworn statement, on which the DHS relies in making the marriage fraud finding. Nor does the record contain a copy of the visa petition filed by Linda Granderson-Omoruyi on August 15, 2005, which is the visa petition currently under consideration.
>
> We find, consequently, that a remand is warranted. On remand, the district director is to reevaluate her findings and is to issue a new decision, in light of this opinion and <u>Matter of Tawfik</u>, <u>supra</u>. A copy of the 2005 visa petition also is to be included in the record.[7]

---

[7]Decision of the Board of Immigration Appeals, Exhibit C attached to Plaintiffs' Opposition, Docket Entry No. 15, pp. 1-2.
(continued...)

Defendants argue that the plaintiffs' claims are moot because the "BIA's remanding back to the DHS district director to determine if the file record contained substantial and probative evidence of a fraudulent marriage with regard to Johnson has nothing to do with the complaints in Plaintiffs' amended complaint."[8]

Defendants' argument that the claims asserted in this action are moot because Granderson's appeal has been adjudicated by the BIA is undermined by the fact that the BIA remanded the case to the district director because, like the record that the defendants have provided to this court, the record that the district director provided to the BIA was incomplete and did not even include a copy of the I-130 petition that was the subject of the appeal.  Because the district director provided an incomplete record to the BIA, the BIA remanded the case to the district director with specific instructions "to reevaluate her findings," "to issue a new opinion," and to include "[a] copy of the 2005 visa petition . . . in the record."[9]  The court is not persuaded that the defendants'

---

[7](...continued)
The court cannot help but note that like the governmental defendants in this action who have failed to file the exhibits referenced in their pending motion, the district director failed to include documents needed to substantiate her denial of Granderson's I-130 petition in the record submitted to the BIA.

[8]Defendants' Motion to Dismiss and/or, Alternatively, Motion for Summary Judgment, Docket Entry No. 12, p. 3.

[9]Decision of the Board of Immigration Appeals, Exhibit C attached to Plaintiffs' Opposition, Docket Entry No. 15, p. 2.

actions have mooted the plaintiffs' complaint because the district director's failure to provide a complete record to the BIA precluded the BIA from adjudicating Granderson's appeal on the merits and, if the district director willfully provided an incomplete record to the BIA, that action could constitute evidence that defendants have willfully and unreasonably delayed the adjudication of Granderson's I-130 petition. Since defendants have not provided any evidence from which a reasonable fact-finder could conclude that the delay in adjudicating Granderson's I-130 petition has not been willful or unreasonable, the defendants' motion for summary judgment will be denied without prejudice.

### III. Plaintiffs' Motion to Amend

Plaintiffs filed their complaint in search of an order compelling defendants to forward Granderson's appeal to the BIA, but the gist of the claims asserted in that complaint is that defendants have deprived plaintiffs of due process by willfully and unreasonably delaying adjudication of Granderson's I-130 petition. Now that the BIA has remanded the case to the district director with instructions "to reevaluate her findings," "to issue a new opinion," and to include "[a] copy of the 2005 visa petition . . . in the record,"[10] plaintiffs seek to amend their complaint "to require [d]efendants to issue a new decision based on the BIA's

---

[10] Id.

decision within a reasonable time, 120 days."[11]  Defendants have not responded to the plaintiffs' motion to amend and the time for doing so has not yet expired.  Accordingly, the court concludes that plaintiffs' motion to amend should be taken under advisement.

## IV.  Conclusions and Order

For the reasons explained above in § II.A the court concludes that Defendants' Motion to Dismiss and/or Motion for Summary Judgment (Docket Entry No. 12) should be treated as a motion for summary judgment and disposed of pursuant to Federal Rule of Civil Procedure 56.  For the reasons explained above in § II.C, Defendants' Motion for Summary Judgment (Docket Entry No. 12) is **DENIED WITHOUT PREJUDICE**.  For the reasons explained above in § III, Plaintiffs' Motion to Amend Complaint (Docket Entry No. 15) is **TAKEN UNDER ADVISEMENT**.  Defendants are **ORDERED** to submit a status report within the next one-hundred-twenty (120) days announcing either that Granderson's I-130 petition has been finally adjudicated on the merits or showing cause why additional time is needed for that petition to be finally adjudicated on the merits. In the event that Granderson's I-130 petition is not finally adjudicated within the next one-hundred-twenty (120) days, the court will conduct a Scheduling Conference on September 5, 2008, at

---

[11]Plaintiffs' Opposition, Docket Entry No. 15, p. 3.

2:00 p.m. in Court Room 9-B, 9th Floor, United States Courthouse, 515 Rusk Street, Houston, Texas.

**SIGNED** at Houston, Texas, on this 28th day of April, 2008.

                                      SIM LAKE
                        UNITED STATES DISTRICT JUDGE